ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. A jury sitting before the Lowndes County Circuit Court found Edward Lamont Neal guilty of felony escape. The circuit court sentenced Neal to five years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Neal appeals. However, Neal is represented by the Mississippi Office of Indigent Appeals. One of Neal’s attorneys has filed a
 
 Lindsey
 
 brief in which he asserts there was no error in the circuit court proceedings.
 
 [1]
 
 Having fulfilled our obligation to examine the record to determine whether there are meritorious issues, we have found none. Accordingly, we find no error and affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. As of December 2006, Neal, then seventeen years old, was on probation for felony malicious mischief. Neal’s probation officer, Christian Campbell, testified that probationers under her supervision were obligated to report to her on either the first or second Thursday of each month. Campbell further testified that Neal did not report the first Thursday in December 2006, so he was required to report to her on the second Thursday of that month, which would have been Thursday, December 14, 2006.
 

 ¶3. On that date, Campbell spoke to officers with the Columbus Police Department. Those officers told Campbell that they needed to speak with Neal. At approximately 4:30 p.m., Neal called Campbell. Neal told Campbell that he would not be able to pay his fee that day. Neal then asked whether he could meet with Campbell the following day. When Neal told Campbell that he was in the parking lot of the probation office, Campbell told Neal “since he was already there just to come on inside and [she] would talk to him at that time.” Neal complied.
 

 ¶ 4. According to Campbell:
 
 *1168
 
 Campbell explained that she already knew what the police wanted to speak to Neal about, but she wanted to hear Neal’s version to determine whether he was being truthful with her. Campbell further explained that, after hearing Neal’s version, she was not satisfied that he was being truthful. Campbell then asked Neal whether he had been using drugs. Neal responded that he would test positive for marijuana because he had used it two weeks earlier.
 

 
 *1167
 
 [Neal] came into the office and I asked him if he had been to the police department that morning. The police department had contacted me about [Neal]. They needed to talk to him. And I wanted to make sure that he had followed those directions and he said he had. And I asked him briefly what that was about and we talked about that briefly.
 

 
 *1168
 
 ¶ 5. Another probation officer, Nathan Blevins, was also in the room with Campbell and Neal. According to Campbell, Neal “proceeded to tell [them] situations that did not add up to what [they] already knew.” Campbell decided that they needed to take Neal into custody. Campbell placed Neal in handcuffs, and Blevins went to his office to get his car keys. While Blevins was gone, Neal ran out of Campbell’s office. Neal continued out the front door of the probation office. Campbell and Blevins attempted to catch Neal, but they were unsuccessful because it was dark outside, and by Campbell’s description, Neal could run “like a deer.”
 

 ¶ 6. The Columbus Police Department and the Lowndes County Sheriffs Department set up a perimeter and deployed K-9 units, but their combined efforts were fruitless. Neal evaded capture. Newspapers ran articles about Neal, and news stations featured him on the “Crimestop-pers” alerts. Members of Campbell’s office went by Neal’s house ten to fifteen times in the next two to three days. They spoke with Neal’s extended family, but they did not apprehend Neal until someone called in and informed authorities where they could find Neal. Neal was finally recaptured in Lowndes County on January 16, 2007.
 

 ¶ 7. Neal went to trial on November 14, 2007. The prosecution called Campbell as its first and only witness during their casein-chief. After the prosecution rested, Neal took the stand. According to Neal, Campbell told him she would arrest him if he committed another felony. Neal testified that Campbell did not arrest him or place him in handcuffs. Neal further testified that Blevins was never in the room with them. Neal explained that after he talked with Campbell, he simply walked out of the building and across the parking lot. After being confronted with earlier testimony in which Neal testified that he had been placed in handcuffs, Neal explained that Campbell did handcuff him, but she removed the handcuffs before he walked out of the building. Neal concluded his testimony and rested his case.
 

 ¶ 8. During the prosecution’s rebuttal, the prosecution called Blevins. Blevins corroborated Campbell’s testimony and disputed Neal’s testimony. That is, Blevins testified that: Campbell placed Neal in handcuffs; the handcuffs were behind Neal’s back; and Neal was not free to leave. Blevins further testified that he went to get his car keys, and while he was gone, Neal ran. According to Blevins, Neal ran past his mother, who said, “Son, don’t run.” Blevins testified that he chased Neal, but he was unable to catch him because Neal was “real fast.” As previously mentioned, the jury found Neal guilty of felony escape. Neal appeals.
 

 ANALYSIS
 

 ¶ 9. In
 
 Lindsey,
 
 the Mississippi Supreme Court detailed the process that must be followed when appellate counsel for an indigent criminal defendant concludes there are no arguable issues on appeal. To be precise, the supreme court stated as follows:
 

 (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4),(7);
 
 see
 
 
 *1169
 

 also [Smith v.] Robbins,
 
 528 U.S. [259,] 280-81, 120 S.Ct. 746, 145 L.Ed.2d 756 [ (2000) ] (stating that “counsel’s summary of the case’s procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.”).
 

 (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
 

 (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
 

 (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
 

 (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
 

 Lindsey,
 
 939 So.2d at 748(¶ 18) (internal citations and footnotes omitted).
 

 ¶ 10. Neal’s attorney complied with the requirements of
 
 Lindsey.
 
 Neal’s attorney filed a brief indicating that he “diligently searched the procedural and factual history of this criminal action and scoured the record” and found no arguable issues for appeal. Neal’s attorney specifically asserts that he examined: (1) the reasons for Neal’s arrest and the circumstances surrounding it, (2) any possible violations of Neal’s right to counsel, (3) the entire transcript and record, (4) the circuit court’s rulings, (5) possible prosecutorial misconduct, (6) all of the jury instructions, (7) all exhibits, whether admitted or not, (8) possible misapplication of the law in sentencing, (9) the indictment and all pleadings in the record, and (10) possible ineffective assistance of counsel claims. Neal’s attorney further stated that he informed Neal that he found no arguable issues and that he advised Neal of his right to file a pro se brief. Neal did not file a pro se brief.
 

 ¶ 11. After our own thorough review of the record, we find no issues that would require supplemental briefing. Accordingly, we affirm the circuit court’s judgment of conviction and sentence.
 

 ¶ 12. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF FELONY ESCAPE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN 2006-0289-CR1 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . In
 
 Lindsey v. State,
 
 939 So.2d 743, 748(¶ 18) (Miss.2005), the Mississippi Supreme Court modified the procedure that appellate counsel must follow when counsel determines that there are no appealable issues within the record.